# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1311

_____

United States of America

*Plaintiff - Appellee*

v.

Antonyo Reese

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: November 1, 2013
Filed: November 6, 2013
[Unpublished]

_____

Before MURPHY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, counsel for Antonyo Reese has filed a motion seeking leave to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Reese has filed a pro se supplemental brief. Reese pleaded guilty to a

drug charge and the district court[1] imposed a sentence of 235 months in prison and 6 years of supervised release, after concluding that Reese was a career offender. Counsel argues that the sentence is unreasonable, and Reese argues that the court erred in classifying him as a career offender.

We conclude that the district court did not plainly err in determining that Reese is a career offender within the meaning of U.S.S.G. § 4B1.1(a) (defendant is career offender if he was at least 18 when he committed instant offense, instant offense is crime of violence or controlled substance offense, and defendant has at least 2 prior felony convictions of crime of violence or controlled substance offense). See United States v. Troyer, 677 F.3d 356, 358 (8th Cir. 2012) (claim of procedural error not objected to at sentencing is reviewed for plain error); United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (procedural error includes improperly calculating Guidelines range). Reese has a 2004 conviction for assaulting a police officer and interfering with official acts causing bodily injury, and he has a 1998 two-count conviction for possessing cocaine base with intent to deliver, and for delivery of cocaine base. Both the 2004 and the 1998 convictions are predicate offenses, see U.S.S.G. § 4B1.2 (a) and (b) (defining "crime of violence" and "controlled substance offense"), and we reject Reese's pro se argument that a crime for "delivery" rather than "distribution" of a controlled substance is not a predicate offense.

As to counsel's challenge to Reese's sentence, the district court did not abuse its discretion by sentencing Reese at the top of the applicable Guidelines range. See Feemster, 572 F.3d at 461 (appellate court applies deferential abuse-of-discretion standard of review; in reviewing for substantive reasonableness, appellate court may apply presumption of reasonableness to within-Guidelines-range sentence).

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Finally, having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing appellant about procedures for seeking rehearing or filing a petition for certiorari.

_____